UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT P. BASTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00182-JPH-MJD |
| | ) | |
| ROBERT E. CARTER, JR., | ) | |
| DICK BROWN, | ) | |
| ERIC J. HOLCOMB, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, DIRECTING ISSUANCE OF PROCESS, AND DIRECTING DEFENDANTS TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

This action is before the Court for resolution of Plaintiff Robert Baston's motion for leave to proceed *in forma pauperis*, dkt. 2; for screening of his complaint pursuant to 28 U.S.C. § 1915A(b); and for issuance of process on the defendants.

**I. Motion for Leave to Proceed *In Forma Pauperis***

On April 2, 2020, the plaintiff filed a complaint, dkt. 1, and a motion to proceed *in forma pauperis*, dkt. 2. On April 6, 2020, the plaintiff also filed an unsigned certification of his trust fund account indicating a zero balance and zero deposits in the six months immediately preceding the certification, dkt. 2-2. The plaintiff's motion to proceed *in forma pauperis*, dkt. [3], is **denied as presented** without prejudice. The plaintiff shall have until **May 9, 2020**, to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of this action on April 2, 2020. *See* 28 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $400.00 filing fee.

## II. Screening

Mr. Baston is an inmate at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Baston is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**A.  Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B.  The Complaint**

The complaint names three defendants: 1) Indiana Department of Correction Commissioner Robert E. Carter, Jr.; 2) WVCF Warden Dick Brown; and 3) Governor Eric J. Holcomb (collectively, "Defendants"). All Defendants have been sued in their individual and official capacities. For relief, Mr. Baston seeks compensatory and punitive damages and injunctive relief.

Mr. Baston alleges that the Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, Mr. Baston first alleges that he was exposed

to an Indiana Department of Correction employee ("Mrs. Cecil") who had returned from a cruise with flu-like symptoms amidst the COVID-19 pandemic. Mr. Baston informed Warden Brown and the Wexford Health of Indiana Health Administrator of his contact with Mrs. Cecil but did not receive a response, nor did he receive COVID-19 testing or treatment following the exposure. Mr. Baston further alleges that the conditions of his confinement place him in danger of contracting COVID-19 because he is required to be in much closer proximity to other inmates than the recommended six-feet social distancing minimum, and he has not been provided adequate soap for washing his hands.

**C.    Discussion of Claims**

The Court identifies within Mr. Baston's complaint two distinct Eighth Amendment claims against the Defendants: (1) subjecting him to inhumane conditions and (2) failing to provide him adequate medical care. The action **shall proceed** with these Eighth Amendment claims against all three Defendants pursuant to 42 U.S.C. § 1983.

These are the only claims the Court has identified in the complaint. If Mr. Baston believes he asserted claims the Court has not addressed, he shall have **through May 9, 2020**, to notify the Court.

### III. Conclusion and Issuance of Process

Mr. Baston's motion for leave to proceed *in forma pauperis,* dkt. [2], is **denied as presented** consistent with Part I above. Mr. Baston shall have **through May 9, 2020**, to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of this action.

The action **shall proceed** with Eighth Amendment claims against all three Defendants in pursuant to 42 U.S.C. § 1983. Mr. Baston shall have **through May 9, 2020**, to notify the Court of any additional claims he believes he raised.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants (1) Eric Holcomb, (2) Robert E. Carter, Jr., and (3) Dick Brown in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Defendants are directed to construe the complaint as including a motion for preliminary injunction and to respond within ten (10) days of service of process.

**SO ORDERED.**

Date: 4/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT P. BASTON
209210
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction employees:

Robert D. Carter, Jr., Commissioner

Dick Brown, Warden, Wabash Valley Correctional Facility

Governor Eric J. Holcomb
200 W. Washington St.
Rm. 206
Indianapolis, IN 46204