UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT P. BASTON, | ) |
|                  Plaintiff, | ) |
|                  v. | ) No. 2:20-cv-00182-JPH-MJD |
| ROBERT E. CARTER, JR., et al. | ) |
|                  Defendants. | ) |

**Order Denying Plaintiff's Motions for Preliminary Injunction,
Granting Defendants' Motion for Sanctions, and Directing Final Judgment**

This matter comes before the Court on the plaintiff's multiple motions for injunctive relief and defendants' motion for sanctions against the plaintiff. For the reasons below, the plaintiff's motions for injunctive relief, dkts. [9, 10, 18, 19, 31, 41, 52, 68, 69, 80, 81] are **denied**, and the defendants' motions for sanctions, dkt. [61], is **granted**.

**I.
Motions for Preliminary Inunction**

On October 23, 2020, Mr. Baston filed two motions, dkt. [68, 69], which the Court construes as motions for injunctive relief due to the COVID-19 pandemic. Specifically, Mr. Baston is requesting that he receive a COVID-19 test because in March 2020, he was exposed to an employee at New Castle Correctional Facility who he believes was exhibiting COVID-19 symptoms at that time. *See* dkt. 68. He is also requesting immediate release from incarceration due to "overcrowding." *See* dkt. 69. These motions are duplicative of previous motions for injunctive that Mr. Baston has filed in this matter. *See* dkts. [9, 10, 18, 19, 31, 41, 52].

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal

1

quotation omitted).  "A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim."  *Id.* (internal quotation omitted).  In addition, a portion of the Prison Litigation Reform Act provides as follows:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Mr. Baston has wholly failed to meet the required elements for a preliminary injunction. First, he has not shown that he will suffer irreparable harm without receiving COVID-19 testing. In the seven months since Mr. Baston's alleged exposure to someone exhibiting symptoms of COVID-19, he has not claimed to have exhibited any symptoms himself, and he has offered no evidence to suggest that he is in any need of medical diagnosis or treatment.  For that same reason, Mr. Baston has failed to show any likelihood of success on the merits of his medical deliberate indifference claim against the defendants.  Furthermore, to the extent that Mr. Baston claims that the conditions of his confinement put him at risk for contracting COVID-19, he likewise has failed to show any likelihood of success on the merits.  In response to defendants' explanation of their efforts to combat the spread of COVID-19—namely, providing inmates with soap, masks, and access to hand sanitizer, adding sanitation station to all common areas, placing the recommended six-foot-distance markers in common areas, and quarantining and testing any inmates exhibiting symptoms—Mr. Baston has failed to provide a cogent argument as to why these measures amount to a constitutional violation.  In short, Mr. Baston has failed to meet his burden of the required

showing for a preliminary injunction. *See HH-Indianapolis, LLC*, 889 F.3d at 437. Accordingly, his motions for injunctive relief, dkts. [9, 10, 18, 19, 31, 41, 52, 68, 69, 80, 81], are **denied**.

## II.
## Motion for Sanctions

Defendants have moved the Court to sanction Mr. Baston for his numerous and repetitive filings. Dkt. [61]. Defendants also argue that Mr. Baston's pattern of bad-faith conduct, his misrepresentations to the Court, his apparent disrespect of the Court, and his repeated accusations about judicial officers and defense counsel amount to an abuse of the judicial process and further warrant sanctions.

### A. Legal Standard

"District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (internal citations omitted). Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); Fed. R. Civ. P. 11. A filing bar, however, must be tailored to the misconduct. *Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010).

### B. Discussion

In this case, the excessiveness and repetitiveness of Mr. Baston's filings alone warrant some type of sanction. *See Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010) ("Courts have ample authority to curb abusive and repetitive litigation[.]"). Although the present Order resolves eleven of Mr. Baston's pending motions for injunctive relief, Mr. Baston has filed a total of twenty-

two (22) such motions for injunctive relief since initiating this action eight months ago, all of which have been denied. Most of these motions bore no relation whatsoever to the operative complaint in this matter. *See* dkt. 53 (denying eleven motions for injunctive relief unrelated to the claims allowed to proceed in this matter). Mr. Baston is an experienced litigant, and in light of his previous misrepresentations regarding his indigency status, the Court can only view his persistent attempts to expand the scope of this litigation with unrelated parties and claims as his latest strategy to avoid this Court's filing fee requirement for new lawsuits. *See* dkt. 11 (denying *in forma pauperis* status due to failure to provide accurate trust account information); *see also Baston v. Indiana Department of Correction*, 1:19-cv-04641-JRS-TAB (revoking *in forma pauperis* status due to misrepresentations and referencing similar misrepresentations in *Baston v. State of Indiana*, 4:19-cv-15-RLY-DML).

     As defendants point out, Mr. Baston's misrepresentations to the Court are not limited to representations about his financial status. Mr. Baston has also misrepresented facts relevant to the merits of his claims in this action, specifically the conditions of his confinement. Mr. Baston has misrepresented to this Court that the conditions of his confinement include double-bunk accommodations with other inmates, *see* dkt. 10, when in fact he has been housed alone in a solitary cell at all times relevant to this litigation, *see* dkt. 30. Although the Court's previous warnings to Mr. Baston specifically pertained to misrepresentations about his trust account, a plaintiff should not have to be warned not to make false statements to the Court. *See Ayoubi v. Dart*, 640 F. App'x 524, 528-529 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

Finally, considering the early stage of this litigation, Mr. Baston has filed an inordinate number of other types of motions, particularly discovery motions. Despite this Court's issuance of a stay pending the development of the defendants' exhaustion defense, *see* dkt. 55, Mr. Baston has persisted in filing multiple discovery motions unrelated to the issue of exhaustion, *see* dkts. 57, 59, 64, 75.

In short, sanctions are warranted here for multiple reasons. Mr. Baston has flooded this docket with duplicative motions, despite this Court's clear admonishment that duplicative motions result in delays due to the need for the parties to fully brief each motion before the Court can issue a ruling. *See* dkt. 24. He has also misrepresented facts to the Court, including his lack of indigency and his solitary accommodations. He has also ignored this Court's issuance of a stay pending development of the defendants' exhaustion defense. His excessive motions and bad-faith litigation practice has consumed judicial resources that should have been allocated elsewhere and has caused the defendants to incur unnecessary expenses defending meritless motions. Taken together, his behavior amounts to an abuse of the judicial process, and the Court finds it appropriate and necessary to impose a serious sanction.

The Court's previous attempt at limiting Mr. Baston's excessive motion practice has been ineffective. Considering Mr. Baston's relentless conduct and flouting of court orders and rules, this Court has no reason to believe that any further admonishment or order from the Court will be effective at limiting Mr. Baston's abusive litigation practice. The Court also has no reason to believe that a monetary sanction alone will be sufficient to deter future misconduct from Mr. Baston. *See Mack*, 45 F.3d at 185 (noting that *pro se* plaintiffs litigating in bad faith often ignore monetary sanctions). For those reasons, the Court finds it appropriate to **dismiss with prejudice** Mr. Baston's claims against the defendants.

The Court also finds that combining a monetary fine with a temporary filing ban is appropriate. In this case, the filing ban is appropriate because Mr. Baston has engaged in abusive litigation practices, specifically excessive and repetitive motions and misrepresentations to the Court. Further filings should not be accepted under these circumstances. An appropriate sanction under these circumstances is to order Mr. Baston to pay a fine in the amount of One Thousand Dollars ($1,000.00). Until he pays this fine, the Clerk of this Court is **ordered** to return unfiled any papers in civil litigation that Mr. Baston submits to this Court, with the exception of a Notice of Appeal and habeas cases. *See Thelen v. Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). After two years, Mr. Baston may seek modification or rescission of this Order. *Mack*, 45 F.3d at 187 ("Perpetual orders are generally a mistake."); *see also Martin v. Fowler*, 1:18-cv-00992-JRS-DML (imposing a $4,950.00 fine and temporary, two-year filing ban, citing *Mack*).

The Court has considered and decided against the more severe sanction of restricting Mr. Baston from filing future civil cases. Instead, this intermediate sanction of a monetary fine and temporary filing ban gives Mr. Baston an opportunity to continue litigating if he pays the fine. The sanctions imposed will protect the Court's resources and other parties from Mr. Baston's abusive litigation practices.

### III.
### Conclusion

For the reasons above, Mr. Baston's motions for injunctive relief, dkts. [9, 10, 18, 19, 31, 41, 52, 68, 69, 80 and 81], are **denied**. The defendants' motion for sanctions, dkt. [61], is **granted**. This action is **dismissed with prejudice**. All other pending motions are **denied as moot**.

Mr. Baston is barred from filing any papers in this Court (with the exception of habeas cases and a Notice of Appeal) until he pays One Thousand Dollars ($1,000.00). After two years, Mr. Baston may seek modification or rescission of this Order.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 12/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT P. BASTON
209210
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov